UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBEN MENDEZ, on behalf of himself and all others similarly situated<br><br>      Plaintiff,<br>  v.<br><br>GROVEHOUSE HOSPITALITY, LLC, GROVEHOUSE HOSPITALITY HOLDINGS, LLC, WOODFIRE COLLISION LLC, MISI DOMINO LLC, MELISSA ROBBINS, individually, and SEAN FEENEY, individually,<br><br>      Defendants. | **MEMORANDUM & ORDER**<br>25-CV-1646 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Ruben Mendez, individually and on behalf of all others similarly situated, brings

this action against Defendants Grovehouse Hospitality, LLC, Grovehouse Hospitality Holdings,

LLC, Woodfire Collision LLC, Misi Domino LLC, Melissa Robbins, and Sean Feeney.  Plaintiff

asserts two claims for violations of the Fair Labor Standards Act ("FLSA") and five related state-

law claims for violations of the New York Labor Law ("NYLL"), contending that Defendants

failed to pay him minimum wage or proper overtime, misappropriated tips, and failed to provide,

or provided inaccurate, wage statements.  *See* ECF No. 17 (Amended Complaint; "AC").[1]

Defendants move to dismiss the Amended Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6).  *See* ECF No. 23 (Defendants' Motion to Dismiss; "Mot.").  For the reasons

that follow, Defendants' motion is GRANTED.

---

[1] Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations.  The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

**BACKGROUND**[2]

I.    **Relevant Facts**

Plaintiff was employed by Defendants at their Brooklyn restaurants, Misi and Lilia, which Defendants own and operate as part of a single integrated enterprise.  AC ¶¶ 1–4, 7. During this time, Plaintiff typically worked at each of Misi and Lilia about four to five days per week, for an average of 25 to 30 hours and 27 to 32 hours, respectively.  *Id.* ¶ 134.

The Amended Complaint asserts that "[a]t all times relevant, Defendants paid Plaintiff . . . at or below the 'tipped' minimum wage rate for tipped employees.  In other words, Defendants pa[id] . . . an hourly rate under the full minimum wage rate pursuant to the federal and state 'tip credit.'"  *Id.* ¶ 9.  But, according to Plaintiff, although Defendants availed themselves of the "tip credit towards the hourly rates paid to Tipped Workers," they "failed to provide Plaintiff . . . with proper noti[ce]" of their doing so.  *Id.* ¶ 10–11; *see also id.* ¶¶ 135–36. Because Defendants allegedly failed to provide the proper notice, Plaintiff asserts that he should "have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate [under the NYLL]."  AC ¶ 172.

Plaintiff also alleges that Defendants failed to compensate him properly for overtime worked during two weeks:  June 21–27, 2021, and September 6–12, 2021.  *Id.* ¶¶ 144–50. Plaintiff asserts "upon information and belief" that Defendants "maintained a policy or practice whereby they applied automatic gratuities on large parties and failed to factor in these gratuities into Plaintiff's . . . regular rates for overtime purposes."  *Id.* ¶ 23; *see also id.* ¶¶ 24, 27–31, 151.

---

[2]    The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts."  *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

Plaintiff further alleges that he was underpaid for his overtime work because Defendants required him to work a "substantial amount of time, 2 hours or more than 20% of [his] worktime, performing non-tip producing side work duties," both related and unrelated to his tipped occupation, which Defendants purportedly did not properly track in their timekeeping system. AC ¶¶ 15–22, 138–42.  As a result, Defendants allegedly did not have the proper wage rate with which to calculate Plaintiff's overtime. *Id.* ¶ 143.

Plaintiff goes on to allege that Defendants misappropriated tips by requiring him to share tips with expeditors who, according to Plaintiff, were not eligible to share tips under the FLSA and the NYLL.  *Id.* ¶¶ 12–14, 137.  And lastly, Plaintiff asserts that Defendants failed to provide him with proper or accurate documentation.  Namely, Defendants failed to provide "proper time of hire notices pursuant to NYLL § 195(1)," *Id.* ¶ 32, 152, or "accurate statements of wages pursuant to NYLL § 195(3)," *Id.* ¶ 36, 153, giving Plaintiff incomplete and incorrect information upon which he relied in determining his appropriate wage, *see* AC ¶¶ 32–40.

## II.      Procedural History

On January 9, 2024, prior to the commencement of this action, the parties signed a tolling agreement which delayed the running of the statute of limitations on claims under the FLSA and NYLL during the period of time in which the agreement was in effect.  *See* ECF No. 17-1 (Tolling Agreement; "TA").  Plaintiff commenced this action on March 25, 2025.  *See* ECF No. 1 (Complaint).  About four months later, Plaintiff sought leave to amend his Complaint, and filed the amended pleading on August 13, 2025.  *See* AC.

The Amended Complaint asserts seven causes of action.  It brings two FLSA claims for Defendants' alleged failure to pay the minimum wage (Claim One) and overtime wages (Claim Two).  And it further alleges five NYLL claims for Defendants' alleged failure to pay the

3

minimum wage (Claim Three); failure to pay overtime wages (Claim Four); tip misappropriation by improperly retaining a portion of gratuities and sharing of tips with tip-ineligible employees (Claim Five); and failure to provide proper annual wage notices (Claim Six) and accurate wage statements (Claim Seven).  *See generally* AC.

On September 12, 2025, Defendants filed their motion to dismiss.  *See* Mot.  About five weeks later, Plaintiff filed an opposition.  *See* ECF No. 31 (Plaintiff's Opposition; "Opp.").  On November 3, 2025, Defendants filed their reply.  *See* ECF No. 32 (Defendants' Reply; "Reply").

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim is plausibly alleged 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matzell v. Annuci*, 64 F.4th 425, 433 (2d Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678).  In making this assessment, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007).  The Court must, however, disregard any "conclusory allegations, such as formulaic recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id.*

4

## DISCUSSION

### I.    Plaintiff's FLSA Claims Fail

#### A.    *Plaintiff's FLSA Minimum Wage Claim Fails to State a Claim*

In the first claim, Plaintiff alleges that Defendants violated his rights under the FLSA by "compensat[ing] Plaintiff . . . at the tipped minimum wage rate rather than at the full hourly minimum wage rate" and "fail[ing] to provide . . . proper § 203(m) notice of the tip credit as required by the FLSA."  AC ¶ 158.  Defendants argue that this claim fails because the Amended Complaint contains "no specific factual allegations" that Plaintiff was ever paid below the federal minimum wage rate.  ECF No. 23-1 at 10 (Defendants' Memorandum in Support of Motion to Dismiss; "Mem.").  Instead, Defendants contend, the Amended Complaint alleges that Defendants paid Plaintiff the NYLL tipped minimum wage rate—then $10.00 per hour—and therefore, Plaintiff could not have been paid below the FLSA minimum wage rate of $7.25 per hour.  *Id.*; *see also* AC ¶ 172.  In his Opposition, Plaintiff fails to meaningfully address this inference, arguing that such an "allegation is not required in tip credit cases like this one."  Opp. at 19.  This statement is not only incorrect, it is also fatal to Plaintiff's claim.

To state a claim for a minimum wage violation under the FLSA, Plaintiff must plead facts demonstrating that his "average hourly wage falls below the federal minimum wage."  *Lopez-Serrano v. Rockmore*, 132 F. Supp. 3d 390, 402 (E.D.N.Y. 2015).  In doing so, "a plaintiff must sufficiently allege at least one given workweek in which his or her 'average hourly wage f[ell] below the federal minimum wage.'"  *Cheng v. Wong*, No. 24-cv-1507, 2025 WL 2505542, at *2 (E.D.N.Y. Sept. 2, 2025) (quoting *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 115 (2d Cir. 2013)).  "While FLSA plaintiffs are 'not required . . . to keep careful records and plead their hours with mathematical precision,' they are expected to 'draw upon' their

'memory and experience' to provide 'sufficiently developed factual allegations.'" *Navarro v. Building Service, Inc.*, No. 23-cv-7343, 2024 WL 4225747, at *2 (E.D.N.Y. Sept. 18, 2024) (quoting *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013)).  And with respect to the FLSA's tip credit, "[a]n employee has a cause of action arising out of an employer's failure to comply with FLSA tip credit requirements only if, without the tip credit, the employee's compensation would fall short of the minimum wage." *Tecocoatzi-Ortiz v. Just Salad LLC*, No. 18-cv-7342, 2022 WL 596831, at *6 (S.D.N.Y. Feb. 25, 2022); *see also Lorenzo v. Dee Mark Inc.*, No. 23-cv-48, 2026 WL 494070, at *6 (S.D.N.Y. Feb. 23, 2026) ("Plaintiff's FLSA minimum wage claims for his regular hours fail irrespective of whether the tip credit was properly taken. . . .  It is undisputed that Plaintiff's pay rate (without any consideration of tips) always exceeded the federal minimum.").

Here, Plaintiff fails to state a minimum wage claim or a tip credit claim.  First, Plaintiff fails to allege that he was paid below the federal minimum wage for any particular week, as is required for a FLSA minimum wage claim.  *See Cheng*, 2025 WL 2505542, at *2.  The closest Plaintiff comes to such an allegation is his general assertions that he was paid "below the tipped minimum wage rate," AC ¶ 9, or that Defendants paid him at a "sub-minimum wage rate," *id.* ¶¶ 17, 47, 135.  Such conclusory statements do not establish plausibility.  *See Henao v. Parts Auth., LLC*, No. 19-cv-10720, 2020 WL 5751175, at *4 (S.D.N.Y. Sept. 25, 2020) ("Conclusory allegations . . . that a plaintiff's effective hourly wage fell below the minimum wage do not create a plausible claim.").  Moreover, pleading minimum wage claims under both FLSA and NYLL requires specificity, namely that a plaintiff's average hourly pay for a given week was less than $7.25 per hour for a FLSA claim and "less than the applicable minimum wage at the time" for a NYLL claim.  *See Williams v. Epic Security Corp.*, 358 F. Supp. 3d 284, 302

6

(S.D.N.Y. 2019).  Plaintiff fails to do so, choosing instead to hide the ball with vague generalities rather than plead the specific facts necessary to state a plausible claim.  This shortcoming is highlighted by the fact that elsewhere in the Amended Complaint Plaintiff asserts definitive amounts for his wages in particular weeks, *see* AC ¶¶ 146–49 (alleging overtime rates), revealing that he was able to make "sufficiently developed factual allegations" with respect to his rate of pay.  *See Navarro*, 2024 WL 4225747, at *2.

Second, Plaintiff's pay rate, based on his own allegations in the Amended Complaint, without consideration of the tip credit was "the [NYLL] reduced tipped minimum wage rate." AC ¶ 172.  Defendants argue that Plaintiff's wage was therefore, at minimum, $10.00 per hour. *See* Mem. at 10.  Plaintiff does not dispute that characterization.  *See* Opp. at 19.  It is thus "undisputed that Plaintiff's pay rate . . . exceeded the federal minimum" of $7.25 per hour. *Lorenzo*, 2026 WL 494070, at *6.  Therefore, despite some ambiguity, as discussed below, *see* AC ¶¶ 9, 172, Plaintiff nevertheless has not stated a FLSA minimum wage claim, and because a minimum wage violation is required to state a notice claim, *see Tecocoatzi-Ortiz*, 2022 WL 596831, at *6, he has similarly failed to state a notice claim.

At this stage in the proceedings, where there is ambiguity, the Court "construe[s] the pleadings . . . in the light most favorable to [the plaintiff], resolving all doubts in [his] favor." *SEC v. Passos*, 760 F. Supp. 3d 95, 108 (S.D.N.Y. 2024).  But a court "must dismiss a claim if a plaintiff pleads himself out of court by alleging facts which show that he has no claim."  *Soto v. Disney Severance Pay Plan*, 26 F.4th 114, 120 (2d Cir. 2022).  While there may be some confusion in the Amended Complaint as to Plaintiff's rate of pay, *compare* AC ¶ 9 ("Defendants paid Plaintiff . . . at or below the 'tipped' minimum wage rate for tipped employees.") *with* AC ¶ 172 ("Plaintiff . . . [should] have been entitled to the full minimum wage rather than the

reduced minimum wage rate [under the NYLL] during this time period."), it is clear that the Amended Complaint contains no assertions that Defendants paid Plaintiff below the federal minimum wage.

Plaintiff had the opportunity to clarify this ambiguity when responding to Defendants' motion, but he failed to do so. *See Pegram v. Herdrich*, 530 U.S. 211, 230 n.10 (2000) (noting that a court may use a plaintiff's brief to clarify unclear allegations in the complaint). Defendants argue in their brief that "[t]here are no specific factual allegations in the [Amended] Complaint stating that Plaintiff was paid below the applicable federal minimum wage of $7.25." Mem. at 10. In his Opposition, Plaintiff acknowledges this deficiency, but rather than contest it, he claims that an allegation of payment below the federal minimum wage "is not required in tip cases like this one." Opp. at 19.[3] Plaintiff rests this assertion on his mistaken belief that he need not plead a minimum wage violation to have a plausible notice claim under § 203(m). *See id.* But as discussed *supra*, a FLSA tip credit claim requires a minimum wage violation. *See Lorenzo*, 2026 WL 494070, at *6; *Tecocoatzi-Ortiz*, 2022 WL 596831, at *6. Moreover, Plaintiff ignores and, in the Court's view, concedes Defendants' argument that Plaintiff could not have been paid below the FLSA full minimum wage in light of the Amended Complaint's

---

3    Defendants also noted this deficiency in their pre-motion letter: "[t]o plead a minimum wage claim under the FLSA, a plaintiff must allege that his straight time rate dipped below the federal floor of $7.25 an hour. The Complaint does not. It references only state minimum wage figures and offers no concrete pay data." ECF No. 14 at 2. But, even though he amended his complaint in direct response to the pre-motion letter, Plaintiff failed to correct the deficiencies in the Amended Complaint. Instead, he only added a statement which serves to explain the mechanics of the tip credit. *Compare* Complaint ¶ 9 ("At all times relevant, Defendants paid Plaintiff and other Tipped Workers at or below the 'tipped' minimum wage rate for tipped employees.") *with* AC ¶ 9 ("At all times relevant, Defendants paid Plaintiff and other Tipped Workers at or below the 'tipped' minimum wage rate for tipped employees. In other words, Defendants pay Tipped Workers an hourly rate under the full minimum wage rate pursuant to the federal and state 'tip credit.'").

assertion that Plaintiff was paid at the NYLL tipped minimum wage.  *See* Opp. at 19; Mem. at 10.  Plaintiff was plainly presented with the deficiencies and ambiguities concerning his FLSA minimum wage claim, both before and after he amended his complaint, yet he failed to address them.

The Court, therefore, dismisses Claim One with prejudice.

### B.    *Plaintiff's FLSA Overtime Claim is Time-Barred*

Plaintiff next alleges in Claim Two that Defendants violated the FLSA by "fail[ing] to pay Plaintiff . . . the premium overtime wages to which [he] [was] entitled under the FLSA" during the workweeks of "June 21, 2021[,] to June 27, 2021," and "September 6, 2021[,] to September 12, 2021."  AC ¶¶ 146–50, 162.  Defendants argue that Claim Two is time-barred because the alleged overtime violations occurred in June and September of 2021, outside the two-year limitations period.  *See* Mem. at 11–12.  Plaintiff counters that the Tolling Agreement saves the claims, or alternatively, that his claims are protected by the three-year willfulness exception to the FLSA statute of limitations.  *See* Opp. at 21–23.

"A court may dismiss a claim as untimely at the Rule 12(b)(6) stage when the complaint shows on its face that the limitations period has run[.]"  *In re Google Digital Advert. Antitrust Litig.*, 721 F. Supp. 3d 230, 270 (S.D.N.Y. 2024).  Moreover, in considering a motion, a district court may rely on the facts alleged in the complaint and documents attached to the complaint as exhibits.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  Plaintiff attached the Tolling Agreement as an exhibit to the Amended Complaint.  *See* TA.  The Court first analyzes the parties' arguments concerning the Tolling Agreement before turning to the statute of limitations.

9

i.        Tolling Agreement

Plaintiff and Defendants are parties to the Tolling Agreement, dated January 9, 2024, which delayed the running of the statute of limitations for claims arising under the FLSA and NYLL. *See* TA. In their briefs, the parties disagree as to the proper scope of the tolling period in the Tolling Agreement. Plaintiff argues that the Tolling Agreement "tolled the . . . statute of limitations back to May 20, 2016." AC ¶ 114 n.2. Defendants contend that the Tolling Agreement "went into effect on January 9, 2024," with the language referenced by Plaintiff referring to the "scope of the defined class" rather than the effective date. Mem. at 12; Opp. at 11 n.6. The Court concludes that a plain reading of the Tolling Agreement supports Defendants' interpretation.

The Court may resolve the issue of the Tolling Agreement at this stage "[b]ecause contract interpretation is generally a question of law, [and therefore] it is suitable for disposition on a motion to dismiss." *Medtech Products Inc. v. Ranier, LLC*, 596 F. Supp. 2d 778, 807 (S.D.N.Y. Sept. 30, 2008). Under New York law, "contracts are to be given their reasonable interpretation and are not to be construed in a strained or tortuous fashion." *Paul K. Rooney, P.C. v. Chicago Ins. Co.*, No. 00-cv-2335, 2001 WL 262703, at *7 (S.D.N.Y. Mar. 16, 2001); *see also Moore v. Cohen*, 548 F. Supp. 3d 330, 338–39 (S.D.N.Y. 2021) ("A court should not find contract language ambiguous . . . on the basis of the interpretation urged by one party where that interpretation would strain the contract language beyond its reasonable and ordinary meaning.").

The portion of the Tolling Agreement on which Plaintiff relies is clearly a class definition. It begins with: "[t]his agreement is for the benefit of Plaintiff and 'Potential Plaintiffs' as that term is defined." TA at 2. It follows by defining 'Potential Plaintiffs' as the "current and former" class of "tipped employees employed at Misi and Lilia, any time between

10

May 20, 2016 and the date this tolling agreement is ended[.]" *Id.* Reading that provision to retroactively toll the statute of limitations for FLSA and NYLL claims by eight years would "strain the contract language beyond its reasonable and ordinary meaning." *Moore*, 548 F. Supp. 3d at 339. Defendants point to the plain language of the contract, which expressly identifies the effective date of tolling. *See* Mem. at 12; Reply at 11. Paragraph 2 of the Tolling Agreement, notably labeled "Duration," provides that the "Agreement is effective as of January 9, 2024, and will terminate when either party gives notice of termination." TA at 2. Moreover, the "Tolling Provision" resolves any ambiguity when it states: "[n]o statute of limitations on any claim under the FLSA . . . shall run . . . and the same shall be tolled during the period of time while this Agreement is in effect." *Id.* A plain reading of these provisions shows that the clause "while the agreement is in effect" can only be understood to mean a period beginning on the effective date, January 9, 2024, and ending on the date of termination. Accordingly, the Court finds that the tolling of claims under the FLSA began on January 9, 2024. Consequently, any claim not valid as of January 9, 2022, is time-barred if the FLSA's standard two-year statute of limitations applies. 29 U.S.C. § 255(a).[4]

### ii.     Statute of Limitations

Next, the Court addresses the applicable statute of limitations period for Plaintiff's FLSA overtime claim. The limitations period for FLSA claims is two years, "except that a cause of action arising out of a willful violation may be commenced within three years[.]" 29 U.S.C. § 255(a). Defendants argue that Claim Two is time-barred because the alleged overtime infractions fall outside the two-year statute of limitations. *See* Mem. at 11–12. Plaintiff asserts

---

[4]     Even under Plaintiff's reading, the Tolling Agreement does not revive claims that already expired before its execution. *See* N.Y. Gen. Oblig. Law § 17-103; *Diaz v. Johnson & Johnson*, No. 19-cv-6929, 2021 WL 3087633, at *4 (W.D.N.Y. July 22, 2021).

that his claim is permitted because Defendants willfully violated the FLSA and therefore he is afforded the three-year limitations exception to bring his overtime claim. *See* Opp. at 22–23. According to Plaintiff, any claims arising before January 9, 2021, would be time-barred. In Defendants' view, any claims arising before January 9, 2022, would be time-barred. Because the Court finds that Plaintiff fails to allege anything more than conclusory statements of willful violations by Defendants, Claim Two is subject to the FLSA's standard two-year statute of limitations and is therefore time-barred.

To allege a willful violation of the FLSA, the Amended Complaint must show that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act. . . . Mere negligence is insufficient." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009). An assertion of willfulness is "*precisely* the sort of legal conclusion that *Twombly* and *Iqbal* counsel must be supported by factual allegations at the pleadings stage." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 321 (2d Cir. 2021). Thus, "the mere allegation of willfulness is insufficient. . . . Rather, a plaintiff must allege facts that permit a plausible inference that the defendant willfully violated the FLSA for [the three-year] exception to apply." *Id.* at 323. While "willfulness [is] often a fact-intensive inquiry, and courts considering the question on a motion to dismiss tend to favor findings of willfulness, if the complaint fails to allege sufficient grounds for a finding of willfulness and the claim is otherwise out of time, the claim should be dismissed." *Montoya v. Havana Cent. NY 2, LLC*, No. 23-cv-111, 2024 WL 874640, at *5 (S.D.N.Y. Jan. 8, 2024), *report and recommendation adopted*, No. 23-cv-00111, 2024 WL 871206 (S.D.N.Y. Feb. 29, 2024).

As an initial matter, Plaintiff's allegation that "[a]s a result of Defendants' willful violations of the FLSA, Plaintiff . . . suffered damages by being denied overtime compensation,"

AC ¶ 164, is not, standing alone, sufficient to plausibly allege willfulness, *see Whiteside*, 995 F.3d at 321.  In support of this claim, Plaintiff sets forth several purported willful violations of the FLSA:  (1) "[u]pon information and belief" Defendants "applied automatic gratuities on large parties and failed to factor in those gratuities into Plaintiff's . . . regular rate of pay for overtime purposes," AC ¶ 163; (2) "Defendants knew or should have known that their wage and hour practices relating to Tipped Workers violated the FLSA's prohibition against improper notice of the tip credit, improper tip sharing arrangements, and excessive side work," *id.* ¶ 121; (3) "despite the Defendants' time keeping system allow[ing] the tracking of multiple job codes, [Defendants] did not allow Tipped Workers to perform the side work and dual jobs . . . under a separate code that would have paid the full minimum wage or . . . tracked . . . such side work to ensure compliance with the FLSA," *id.*; and (4) "Defendants failed to undertake any diligent review of their wage and hour practices relating to Tipped Workers and/or did not stay up to date with its review of wage and hour practices relating to Tipped Workers," *id.* ¶ 122.  Taking these allegations individually and collectively, the Court finds no plausible allegations of willfulness.

First, where "allegations are made upon information and belief, the plaintiff must support them by offering facts upon which that belief is founded." *Brodie v. Green Spot Foods, LLC*, 503 F. Supp. 3d 1, 13 (S.D.N.Y. 2020).  Pleading on the basis of information and belief is generally appropriate in circumstances "where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." *See Arista Records, LLC v. Doe* 3, 604 F.3d 110, 120 (2d Cir. 2010).  "But to pass muster, an allegation upon information and belief . . . must be accompanied by a statement of the facts upon which the belief is founded, and cannot rest on

pure conjecture and speculation." *Bright Kids NYC Inc. v. Kelly*, No. 19-cv-1175, 2020 WL 6891814, at *4 (S.D.N.Y. Nov. 24, 2020).

Here, Plaintiff provides no factual basis to support his allegation concerning automatic gratuities. Notably, he fails to include any examples of when he waited tables with automatic gratuities during the weeks of the alleged overtime violations. Far from being peculiarly within the Defendants' knowledge, this information would have been personally available to Plaintiff, who would have been the one waiting on the tables in question. *See Evergreen E. Coop. v. Whole Foods Mkt., Inc.* No. 21-2827-cv, 2023 WL 545075, at *2 (2d Cir. Jan. 27, 2023) (finding information not "peculiarly within the possession and control" of defendant where "[plaintiff] could have gone to [defendant's] store and examined one or more of the Christmas trees offered for sale"). Plaintiff's attempt to "merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory" does not suffice. *Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018).

Next, Plaintiff's second and fourth allegations of willfulness amount to nothing more than conclusory allegations of negligence. *See, e.g.*, *Estrada v. Therapy PLLC*, No. 20-cv-6125, 2021 WL 4427068, at *2 n.3 (S.D.N.Y. Sept. 27, 2021). In *Estrada*, the court found the plaintiff failed to plausibly allege willfulness where he claimed that the defendants "were aware, or should have been aware, of the existence of [the] FLSA and its overtime requirements" and "failed to investigate whether their compensation policy was legal" without pleading any factual allegations to support either conclusion. *Id.* Plaintiff makes the same assertions here: merely that "Defendants knew or should have known" that their practices violated the FLSA and that they "failed to undertake any diligent review of their wage and hour practices." AC ¶¶ 121–22. The former constitutes no more than "a formulaic recitation of the elements" of a FLSA

14

willfulness claim and will not suffice. *See Twombly*, 550 U.S. at 555. And the latter echoes the same naked assertion that the court found insufficient in *Estrada*. *See* 2021 WL 4427068, at *2 n.3.

Plaintiff's third allegation of willfulness, that Defendants failed to track multiple job codes in their time-keeping system, constitutes at most negligence. The parties spend considerable time arguing whether the "80/20 rule" or the "dual jobs" regulation should apply to evaluate the tracking of side work. *See* Mem. at 15–19; Opp. at 15–18; Reply at 8–10. But for purposes of evaluating whether Defendants' alleged failure to track multiple job codes was a willful violation of the FLSA, it does not matter. At the time of the alleged overtime violations in June and September of 2021, the regulatory framework for evaluating overtime and side work was in flux. *See generally Rest. L. Ctr. v. U.S. Dep't of Labor*, 120 F.4th 163, 166–67 (5th Cir. 2024); *Rafferty v. Denny's, Inc.*, 13 F.4th 1166, 1177–78 (11th Cir. 2021).[5] Even if the Court were to squint, Defendants' failure to track the hours in the manner Plaintiff demands could, at most, be considered unreasonable, but would still fall well short of establishing willfulness. *See Reich v. Waldbaum, Inc.*, 52 F.3d 35, 39 (2d Cir. 1995). In short, at the time of the alleged overtime violations, the side work regulations at issue were genuinely unsettled, making any

---

[5]    The dual jobs regulation was in effect. *See* 29 C.F.R. § 531.56(e). The President Obama-era 80/20 guidance had been rescinded since 2018. *See* U.S. Dep't of Labor, Wage & Hour Div., Wage and Hour Opinion Letter FLSA2009-23 (originally issued Jan. 16, 2009, withdrawn by Obama DOL; reissued Nov. 8, 2018). The operative federal enforcement standard was the Trump Administration's guidance, *see* U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter FLSA2018-27 (Nov. 8, 2018), which reissued FLSA2009-23 and superseded the guidance in Field Operations Handbook § 30d00(e). The Trump Administration's 2020 final rule had been published but its dual jobs and tip credit provisions were delayed and never took effect. *See Tip Regulations Under the Fair Labor Standards Act (FLSA)*, 85 Fed. Reg. 86756 (Dec. 30, 2020); 86 Fed. Reg. 11632 (Feb. 26, 2021); 86 Fed. Reg. 22597 (Apr. 29, 2021). The Biden Department of Labor's proposed reinstatement of the 80/20 rule was still undergoing notice and comment. *See Tip Regulations Under the Fair Labor Standards Act (FLSA)*, 86 Fed. Reg. 32818 (June 23, 2021) (proposed rule).

finding that Defendants knew or showed reckless disregard for whether their conduct violated the FLSA implausible.

Plaintiff attempts to rely on two district court cases from within the Second Circuit in support of his allegations of willfulness. *See* Opp. at 23. In *Montoya*, the court found willfulness because the defendants allegedly knew the plaintiff was working over 40 hours per week, evidenced by his daily presence at the restaurant for extended hours, and failed to pay overtime while purposefully evading detection by failing to maintain accurate timesheets and payroll records. 2024 WL 874640, at *6. However, in *Montoya*, the defendants failed to pay the plaintiff overtime *at all*, regardless of his hours worked. *Id.*, at *9. Here, Plaintiff was paid overtime for all hours worked past 40 at a rate of $18.75 per hour. *See* AC ¶¶ 146–49. This is a far cry from the total and willful evasion of overtime in *Montoya*. Plaintiff's reliance on *Silkowski v. Mangione*, No. 24-cv-8666, 2025 WL 1400064 (E.D.N.Y. May 14, 2025), is similarly misplaced. In *Silkowski*, the court found that the defendant's "alleged failure to pay [plaintiff] anything at all for nearly twenty years suggest[ed] [a] deliberate disregard of the risk of violating [the] FLSA." *Id.*, at *3. Furthermore, in *Silkowski*, the plaintiff supplemented her allegations of willfulness with factual allegations of events she had witnessed and conversations of which she had been a part, which the court went so far as to characterize as "the extreme facts of [plaintiff's] employment." *Id.* Neither case aligns with the facts in the Amended Complaint. Plaintiff has put forth no allegations that Defendants withheld overtime entirely, nor has he alleged that Defendants were put on notice as to the alleged shortcomings in the amount of overtime Plaintiff received.

"These allegations are insufficient, even in combination" to establish willfulness. *See Point12 Diversified Fund, LP v. TMC The Metals Company*, No. 21-cv-5991, 2025 WL

16

1920340, at \*18 (E.D.N.Y. July 11, 2025).  Because Plaintiff fails to allege willfulness by Defendants as to their alleged violations of the FLSA overtime requirements, the statute of limitations governing Claim Two is two years.  *See* 29 U.S.C. § 255(a).

\*　　　　\*　　　　\*

Because the Tolling Agreement is effective as of January 9, 2024, and the statute of limitations governing Plaintiff's FLSA overtime claim is two years, any claim arising before January 9, 2022, is time-barred.  The overtime violations alleged in the Amended Complaint occurred in the workweeks of "June 21, 2021[,] to June 27, 2021," and "September 6, 2021[,] to September 12, 2021," AC ¶¶ 146–49, and are therefore time-barred.  *See In re Google Digital Advert. Antitrust Litig.*, 721 F. Supp. at 270.  Claim Two is dismissed with prejudice.

## II.　　State-Law Claims

Plaintiff brings five state-law claims under the New York Labor Law:  violation of minimum wage requirements (Claim Three); violation of overtime requirements (Claim Four); tip misappropriation under § 196-d (Claim Five); failure to provide proper annual wage notices under § 195(1) (Claim Six); and failure to provide accurate wage statements as required by § 195(3) (Claim Seven).  AC ¶¶ 165–92.  Plaintiff does not allege a separate theory of subject matter jurisdiction for these claims.  Instead, he invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  *Id.* ¶ 111.

Although district courts have supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), such jurisdiction is discretionary, *see City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997).  And a district court "may decline to exercise supplemental jurisdiction" if it has "dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  District

17

courts may exercise their discretion in deciding whether to exercise supplemental jurisdiction over state-law claims when all federal claims were dismissed at the pleading stage.  *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006); *see also Cangemi v. United States*, 13 F.4th 115, 133–34 (2d Cir. 2021).  Because this case has progressed only to the motion to dismiss stage without the parties conducting any discovery, applying the normal presumption against supplemental jurisdiction is appropriate.  *See Onibokun v. Chandler*, 749 F. App'x 65, 67 (2d Cir. 2019) ("find[ing] no abuse of discretion" in declining supplemental jurisdiction at motion to dismiss stage).

The Court therefore declines to exercise supplemental jurisdiction over Plaintiff's state-law claims (Claims Three, Four, Five, Six, and Seven), which are hereby dismissed without prejudice.

### III.    Leave to Amend

In his opposition, Plaintiff seeks leave to file a second amended complaint.  *See* Opp. at 33.  While leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), "leave to amend should be denied if it would be futile," *Thompson v. Racette*, 519 F. App'x 32, 34 (2d Cir. 2013).  Because further amendment to the Amended Complaint would be futile, the Court dismisses Plaintiff's federal claims with prejudice.  The Court denies leave to amend Plaintiff's FLSA overtime claim, because it is barred by the statute of limitations and therefore amending the claim would be futile.  *See Conte v. Tapps Supermarket, Inc.*, No. 23-1341-cv, 2024 WL 4179720, at *2 (2d Cir. Sept. 13, 2024).  Moreover, with respect to both his FLSA minimum wage and overtime claims, Plaintiff "ha[s] had multiple opportunities to allege sufficient specific facts to render his claims plausible," including in his original complaint and

18

the Amended Complaint.[6]  *See Williams v. Calderoni*, No. 11-cv-3020, 2012 WL 691832, at *8 (S.D.N.Y. Mar. 1, 2012).  Therefore, "leave to amend would be futile because [P]laintiff ha[s] already had two bites at the apple and they have proven fruitless."  *Harris v. Westchester Cnty. Med. Ctr.*, No. 08-cv-1128, 2011 WL 2637429, at *4 (S.D.N.Y. July 6, 2011).  The Court therefore denies Plaintiff leave to amend.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motion, ECF No. 23, and dismisses Plaintiff's Amended Complaint, ECF No. 17, in its entirety pursuant to Rule 12(b)(6).  Claims One and Two are dismissed with prejudice.  The Court declines to exercise supplemental jurisdiction over Claims Three, Four, Five, Six, and Seven, and dismisses those claims without prejudice.  The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close this case.

SO ORDERED.

/s/ Hector Gonzalez
    HECTOR GONZALEZ
    United States District Judge

Dated: Brooklyn, New York
       May 26, 2026

---

[6]    The Court granted Plaintiff leave to file the Amended Complaint "to address the issues raised in Defendants' pre-motion letter," July 30, 2025, Text Order, which included Plaintiff's failure to allege:  (1) that he was paid below federal minimum wage and (2) that Defendants acted willfully, *see* ECF No. 14 at 2.  Despite the "opportunity [to amend the Complaint], Plaintiff has failed to cure [the] deficiencies identified by . . . Defendants.  Instead, Plaintiff only reasserted the same or similarly conclusory allegations."  *Trisvan v. Heyman*, 305 F. Supp. 3d 381, 408 n.26 (E.D.N.Y. 2018).  The only new allegation of willfulness was the claim that Defendants failed to properly track multiple job codes, *see* AC ¶ 121, which the Court has already found to constitute, at most, negligence.  *See supra* Part I.B.ii.  "Therefore, the Court determines leave to amend as to [this] claim[] would be futile."  *Trisvan*, 305 F. Supp. 3d at 408 n.26.